**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEATAMIKO REA SMITH,

        Plaintiff,

v.                                          Case No. 12-14041
                                          Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION ON CROSS-MOTIONS**
**FOR SUMMARY JUDGMENT AND REMANDING ACTION**

      This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation **[Doc. No. 14, filed Jun 5, 2013]**.   Objections to the Report and Recommendation were timely filed by the Government.   The Government objects to the Magistrate Judge's finding that the administrative law judge was required to fully develop the record below.   For the reasons below, the Court accepts the Magistrate Judge's Report and Recommendation.

      Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. This Court agrees with the Magistrate Judge that the record was not fully developed before the ALJ. The Court agrees that the instant case presents one of those special circumstances where the ALJ was under a duty to fully develop the record because Plaintiff was unfamiliar with the hearing process, did not appear to understand what was happening, was unrepresented and was not able to present an effective case. The Court also agrees with the Magistrate Judge that Plaintiff was prejudiced by the ALJ's failure to fully develop the record. The absence of treatment records from a treating source and the lack of evidence as to mental impairments made it impossible for the ALJ to properly assess whether the mental impairments affected Plaintiff's residual function capacity.

Remand is appropriate under sentence four of 42 U.S.C. § 405(g) since the ALJ failed to apply the appropriate standards in denying disability benefits. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the

administrative proceedings on remand.  *Melkonyan,* 501 U.S. 101-02.  Failure to remand under sentence four and retention of jurisdiction is error.  *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993).  A sentence four remand is a judgment for the plaintiff.  *Id.* at 302 (citations omitted).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Charles E. Binder **[Doc. No. 12, filed June 5, 2013]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment **[Doc. No. 9, filed December 31, 2012]** is **GRANTED** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motions for Summary Judgment **[Doc. No. 12, filed February 28, 2013]** is **DENIED.**  The Commissioner's findings are **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS FURTHER ORDERED** that this action is designated as **CLOSED** on the Court's docket.

Dated:  July 31, 2013                          s/Denise Page Hood
                                               Denise Page Hood
                                               United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                               Case Manager